# Richmond

## AMANDA COLLINS V. METROPOLITAN LIFE INSURANCE COMPANY.

January 17, 1935.

Present, All the Justices.

The opinion states the case.

*Percy T. Stiers,* for the plaintiff in error.

*Harris, Harvey & Brown* and *Grasty Crews,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Amanda I. Collins was the wife of Pleny S. Collins, now dead. Her husband was at one time an employee of Riverside and Dan River Cotton Mills, Incorporated. As such he was one of the beneficiaries under a policy of group insurance issued to the Cotton Mills Company by the Metropolitan Life Insurance Company. The original policy bears date January 1, 1920. It was a one year renewable term policy—was in fact renewed from time to time and was last renewed on January 1, 1930, and terminated on August 31, 1930.

This provision was made for the issuance of individual certificates: "The company will issue to the employer for delivery to each employee insured hereunder an individual certificate, showing the protection to which each employee is entitled." Such a certificate was issued to Collins on January 3, 1929. In it this appears:

"If death occur while the employee is in the employ of the employer and while said group policy is in force, the amount of insurance in force thereunder on said employee will be paid to Amanda I. Collins, beneficiary."

Five hundred dollars was the minimum death benefit coupled with the further provision that this sum was to be increased by $100 during each year of continuous employment until a maximum of $1,500 had been reached.

Collins left the company's service in June, 1930. He was then, it is contended, totally disabled and he did die of pellagra on August 23, 1932. Death benefits, $500, the face of his certificate, plus one year's increase of $100 were then due on that account if anything was due. This is the claim made and it is for that sum that this action is brought.

Under the original policy and under the certificate of January 3, 1929, any employee who had been in the service of the company for three months (later changed to one year), was entitled to sick benefits if, before the age of sixty, he became wholly and permanently disabled by accident or disease and furnished to the company at its home office due proof of that fact. If he left the company he had the right to take out, without evidence of insurability and within thirty-one days of date of the termination of his employment, an ordinary life policy in amount equal to the protection which he received when he severed his connection with the company. The employee also had the right to designate the beneficiary who was to take if death occurred "while the employee is in the employ of the employer."

As we have seen in this case the wife was the designated beneficiary and it is important to remember that this is an action brought to recover death benefits, and not disability benefits.

Premiums were paid wholly by the company and were paid in monthly installments which varied automatically with its employment roll. Monthly statements were submitted to the insurer showing the names of those who had been added to the company's force and those who had left its service.

Collins had been in its employment for something like ten years, and, as we have seen, left its service in June, 1930, and died of pellagra on August 23, 1932. Disability benefits were claimed and proof of disability was received by the insurer on June 9, 1931. This claim after investigation the company rejected. Nothing further was done until after

Collins' death, when the demand for death benefits, set out in this action, was made.

At the trial, and after all the evidence was in, the court, on motion of the defendant, struck out all that which had been offered by the plaintiff. Thereupon the jury brought in a verdict for the defendant which the court confirmed by judgment.

If there was no evidence which could have supported a verdict, then, in accordance with settled practice, the court, of course, was right.

Only employees are insured. In provision 6 on the policy itself, this appears: "Upon termination of active employ-, ment, the insurance of any discontinued employee under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind on account of such person unless an individual policy is issued in accordance with the above provision."

The same stipulation, in substance, is carried into Collins' individual certificate of insurance, where it is said: "If death occur while the employee is in the employ of the employer and while said group policy is in force, the amount of insurance in force thereunder on said employee will be paid to Amanda I. Collins, beneficiary.

\*     \*     \*     \*     \*     \*     \*     \*

"During the continuous employment of the employee by the employer the amount of insurance shall, as provided in the said policy, be increased $100 on the 3rd day of each January until the maximum amount of fifteen hundred dollars has been reached, the amount hereafter remaining fixed."

A term policy which insures against death covers death while the policy itself is alive. Disability benefits are essentially different. An employee might be totally disabled on the day before his policy expired. If his right to recover was limited to its life it would be no right at all. The possibilities thus suggested are everywhere recognized and to meet them specific provision is made. This subject is dealt with in policy provision 7, as its catch line tells us.

"Total and Permanent Disability Benefits.—On receipt by the company at its home office of due proof that any employee insured hereunder has become wholly and permanently disabled by accidental injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the company will waive the payment of each premium applicable to the insurance on the life of such disabled employee that may become payable thereafter under this policy during such disability, and, in addition to such waiver, will pay to such employee during such disability, in full settlement of all obligations hereunder pertaining to such employee, and in lieu of the payment of insurance as herein provided, such monthly or yearly instalments as may be selected by such employee by written notice to the company at its home office on the following basis, *to wit:*

"On basis of $1,000 of insurance, either

"Sixty monthly instalments of $18.00, or
"Twenty annual      "       "   67.98, or
"Fifteen    "      .  "       "   83.90, or
"Ten        "         "       "  116.18, or
"Five       "         "       "  214.00,

the first instalment to be paid six months after receipt of due proof of total and permanent disability. If the employee dies during the period of total and permanent disability, any instalments remaining unpaid shall be payable as they become due to the beneficiary nominated by such employee, and such beneficiary shall have the right to commute such remaining payments into one sum on the basis of interest compounded at the rate of three and one-half per centum per annum. This provision is granted without additional cost to the employer.

"Notwithstanding that proof of total and permanent disability may have been accepted by the company as satisfactory, the employee shall, at any time on demand from the company, furnish due proof of the continuance of such

disability, and, in case of his failure so to do, the said employee shall be deemed to have recovered from such state of disability. In the event that the said employee recovers from such state of disability before all the instalments hereinbefore mentioned have been paid, or fails on demand to furnish due proof of the continuance of such disability, all further waiver of premiums and payment of instalments on account of such employee shall cease. Insurance on the life of such employee shall then be revived but be limited in amount to the commuted value, on said interest basis, of the instalments remaining unpaid on account of such employee at the time of such recovery."

It will be noted that upon due proof of disability the company waives payment on each premium applicable to the insurance on the life of the disabled employee that may become payable thereafter during the continuance of such disability, and that should the employee recover before all disability installments have been paid the insurance revives, but is limited to the commuted value of installments still unpaid. From this it is argued that death benefits continue after disability has set in. They do continue but subject to two provisions: Premiums must have been paid up to the date of due proof, and the employee must not have voluntarily, definitely severed his relations with the company. Disability itself does not sever this relationship. A company may, and frequently does, carry upon its insurance roll employees who have become incapacitated in its service. But no rights attach under provision 7 until due proof of disability has been received at the home office. Prompt receipt of such proof is to the advantage of the company because it is relieved from obligation to pay further premiums and it is to the advantage of the employee for it is a prerequisite to the payment of benefits to him. On the other hand, upon the termination of employment, the rights of the employee automatically cease. The company makes out a monthly roll of its employees which it submits to the insurer and premiums are paid accordingly. That is to say, if the name of a new employee is added

premiums are increased. If the name of one is stricken off there is a corresponding decrease. The insurer cannot possibly check from month to month the accuracy of the lists submitted, and it cannot be expected to insure one whose name does not appear. If the company fails to include a name which it should have included, then it may possibly become liable for any injury suffered from this omission but that negligence cannot be imputed to the insurer.

In the instant case Collins definitely quit the service of the company and his name was for that reason omitted from the rolls submitted to the insurer.

Undoubtedly policies of insurance are to be liberally construed in favor of the insured, and we have uniformly so held but courts have no power to write contracts for people. Their duty is to construe those which they themselves have made.

"Our conclusion is that the policy must be construed according to its terms. They are plain and clear and we are bound to adhere to them as the only authentic expression of the intention of the parties." *Indemnity Insurance Co. v. Jordan,* 158 Va. 834, 164 S. E. 539, 541; *Kennard v. Travelers' Protective Assoc.,* 157 Va. 153, 160 S. E. 38, and cases cited.

"The province of construction lies wholly within the domain of ambiguity." *Hamilton v. Rathbone,* 175 U. S. 414, 20 S. Ct. 155, 158, 44 L. Ed. 219.

When Collins left the company his right to death benefits was at an end.

Code, section 4228, amended by Acts 1926, ch. 205, p. 372, has no application. It does not apply where premiums have not been paid and it does not apply to losses not covered by it. *United Security Life Insurance & Trust Co. v. Massey,* 159 Va. 832, 164 S. E. 529, 167 S. E. 248, 85 A. L. R. 306.

Argument in this case has taken a wide range, but it is not necessary that we follow it for plaintiff's claim, as we have seen, is for death benefits.

It is, of course, true that an insurance company can-

not arbitrarily cancel a policy, but in the instant case it was under its express terms automatically cancelled by the action of the assured.

The right of this beneficiary to recover sick benefits is a matter about which we express no opinion.

For reasons stated the judgment appealed from should be affirmed, and it is so ordered.

*Affirmed.*

GREGORY, J., dissenting.