# Wytheville

WILLIAM G. DARDEN v. NORTH AMERICAN BENEFIT
ASSOCIATION.

June 8, 1938.

Present, Holt, Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Thomas L. Woodward,* for the plaintiff in error.

No appearance for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

William T. Darden, by his written application, became a member of the North American Benefit Association, a mutual benefit association. In consideration of certain fees paid, and the promise to pay certain further fees thereafter in accordance with the by-laws of the Association,

there was issued to him a certificate or policy of insurance, dated November 1, 1933. This certificate provided that William T. Darden became entitled during the continuance of his membership to certain benefits provided by the by-laws of the Association.

In the event of the death of the insured, during his continuance as a member, the certificate further provided for the payment to William G. Darden, the plaintiff, as beneficiary, an amount indicated in a schedule of sliding payments ranging from $200 for death of the insured at a minor age to $1,000 for his death between eleven and fifty years of age, thereafter gradually decreasing in amount for added age. The amount of the payment in the language of the certificate was further made "subject to the provisions of said By-Laws which are hereinafter set forth and which are hereby made a part hereof: In each case the amount of Benefits to be determined by the attained age at time of Death." The certificate accordingly contained as a part of the printed policy, the following clause or provision:

"Article VII, Sec. 4. Should the member die or death be caused directly or indirectly from any of the following diseases or causes, either acute or chronic, contracted within two years from date of this certificate, or within two years after reinstatement of membership, from heart disease, liver, bladder, stomach or kidney trouble, * * * the Association will pay one-fifth of the amount otherwise payable under the terms of the membership certificate. If death is caused from surgical operation within said two-year period, the liability shall be one-fifth of the amount otherwise payable."

William T. Darden died on August 9, 1935, of valvular heart disease, having its inception within two years from the date of the issue of the policy of insurance.

The beneficiary made claim for $450, as the amount due at the attained age of the insured at the time of his death. The defendant refused payment in that sum, and contended that under the terms of the policy it was liable for only $90, being one-fifth of the amount otherwise payable, be-

cause the insured had died of heart disease, having its inception within two years from the date of the certificate.

The trial court heard the case without a jury, and entered judgment for the plaintiff in the sum of $90.

The sole issue for our consideration is whether Virginia Code 1936, section 4228, providing that a policy of life insurance shall, with exceptions therein stated, be incontestable "for any cause after it shall have been in force during the lifetime of the insured for one year from its date," is applicable to the defense made by the insurer.

At the outset, it must be conceded that an insurance company may provide in its contract of insurance, terms, provisions and conditions not in violation of law and not inconsistent with public policy. It may provide for the amount to be paid, and the risk or hazard assumed. It may charge an increased premium for certain assumed risks, and may exclude from the contract risks not assumed. Its terms, provisions and conditions are to be considered the same as in other contracts, subject, of course, only to provisions of law affecting insurance contracts. The courts have neither the duty nor the power to make the contracts. It is only their function to construe them. When the terms and provisions are clear, there must be given to such terms and provisions the construction and effect consonant with the apparent object. The contract of insurance is to be considered and construed as a whole. *Collins* v. *Metropolitan Life Insurance Co.*, 163 Va. 833, 178 S. E. 40; 14 R. C. L. 926.

The incontestable statute is a short statute of limitation, applied when the validity of the policy is contested. It is not a limitation upon the amount of the coverage, nor of the risk assumed. It does not limit the right of the insurance carrier to refuse the payment of a larger sum than is made payable by the terms of the policy, nor limit the right to contend that the terms of the policy exclude certain risks.

Under the incontestable clause, the insurer may not contest the validity of the contract for false or fraudulent

statements made by the insured to secure the policy, for questions involved in the inception of the policy, nor for breach of covenants and conditions subsequent by the insured, after liability has become fixed. But the statute does not deny to the insurance carrier the right to question the genuineness of the claim, controvert the amount of its liability, or to contend that the risk involved was not assumed in the coverage.

A contest of the validity of the policy must not be confused with a contest of its terms and provisions. Once its terms and provisions are made clear, and are construed, those terms and provisions may not be contested under Code, section 4228. If terms and provisions relating to coverage, either as to amount, or as to the extent of the risk assumed, are in question, a contest over such terms and provisions affect not the validity of the policy, but the construction of the terms and provisions. There can be no liability for a risk not assumed, nor can there be a liability greater than the amount assumed.

In the case of *United Security Life Insurance & Trust Co. v. Massey,* 159 Va. 832, 164 S. E. 529, 167 S. E. 248, 85 A. L. R. 306, the question was not the amount payable under the terms of the policy, but whether or not the policy was void because of the breach of a covenant subsequent. In that case, there was a valid contract of insurance. Its terms, its provisions and the amount payable were all clearly set out. There was a covenant, however, by the insured that he would not engage in service on any railway train after the issuance of the policy. In violation of that covenant, he was killed while acting as a brakeman for a railway company. There were no original reservations as to the risk assumed, but there was a provision for the forfeiture of the contract upon the breach of the covenant subsequent. The company did not undertake, during the lifetime of the insured, to cancel the contract for the breach of the covenant. It was there held that the policy was incontestable upon the grounds assigned.

Mr. Justice Holt, after reviewing numerous authorities,

and approving the holding in *Metropolitan Life Insurance Co.* v. *Conway*, 252 N. Y. 449, 169 N. E. 642, said: "Here the policy is a valid contract of insurance. In its inception no exceptions appear upon its face, and, if defeated, it must be, not because of original reservations, but because, of some covenant broken. The latter possibility is one which the statute (section 4228) was designed to meet."

The effect of an incontestable clause or statute on an exclusion of the kind in question here was considered in *Metropolitan Life Insurance Co.* v. *Conway, supra*. There the company sought to impose on policies of life insurance issued in New York the following rider:

"Death as a result of service, travel or flight in any species of aircraft, except as a fare-paying passenger, is a risk not assumed under this policy; but if the insured shall die as a result, directly or indirectly of such service, travel or flight, the company will pay to the beneficiary the reserve on this policy."

In holding that the foregoing rider was a valid provision, and not in conflict with a statutory incontestable provision, Chief Justice Cardozo said: "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid at its inception or thereafter became invalid by reason of a condition broken. * * *" Cases cited.

With these rules of construction in mind, we find that the policy in question here stated in plain and unambiguous language that the beneficiary should be entitled to the payment of only one-fifth of the amount otherwise due if the insured died of heart disease, having its incipiency within two years from the date of the policy. The contract covered the risk of death from heart disease, under the provisions stated, only to the extent of one-fifth of the sum otherwise payable. This was the contract made by the de-

fendant Association and accepted by the insured. The defendant does not now contest such a contract, nor the amount of its liability in accordance with its provisions.

A reliance upon the terms of a contract is not a contest of the contract. The provisions of the contract limiting the amount of coverage, in the event of death from the stated risk within two years, is just as binding upon the insured and his beneficiary as are its further provisions, making the insurer liable for an increased amount if the insured survived to a certain age, binding upon the insurer.

The validity of the contract is not in question here. The contest is over the amount for which the defendant is liable, under the terms and provisions of the contract. If $2,000 had been claimed in this proceeding, there can be no doubt that the defendant could have denied its liability to that extent. For the same reason, it may controvert the amount of the liability asserted as not being provided for under the terms of its contract. These terms reduced the amount payable under a specified risk just as added age increased the amount payable.

The facts in the instant case are wholly different from those in the case of *United Security Life Insurance & Trust Co.* v. *Massey, supra.* There a distinction was made between facts which might have warranted a rescission of the contract and those cases involving risks not covered by the contract. In the instant case there are original reservations and an exemption to a certain extent from the risk assumed. The contract before us neither provides for a forfeiture nor sets up conditions subsequent. The contest here relates to the coverage, and not to the validity of the policy. The defendant is not contesting the policy because of anything occurring in its incipiency. It is relying upon its contract, and as has been aptly said, a reliance upon its contract does not constitute a contest of its validity, but necessarily assumes it.

The judgment of the trial court will be affirmed.

*Affirmed.*