# Richmond

## J. BINGHAM WELBORN AND TABOR C. SMITH V. CHARLES O. WYATT, ET AL., AND AMERICAN MOTORISTS INSURANCE COMPANY.

February 26, 1940.

Record No. 2144.

Present, All the Justices.

The opinion states the case.

*Paul L. Everett, James H. Corbitt* and *Thomas L. Woodward,* for the plaintiffs in error.

*Earl W. White,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

This writ of error brings under review judgments pronounced against plaintiffs in error by the Circuit Court of Nansemond county. It appears from the record that Welborn and Smith sustained serious injuries as a result of a collision between an automobile, of which they were occupants, and a truck, owned by Wyatt and Hathaway and driven by Luther Roberson, their servant and employee. Separate actions were brought by Welborn and Smith against Wyatt, Hathaway and Roberson, to recover damages for the injuries inflicted upon them as a result of the negligent act of the defendants, and judgments were obtained against them in the sum of $20,000 in favor of Welborn, and in the sum of $1,500 in favor of Smith. Executions were issued on the two judgments and were returned "No effects". Thereupon, plaintiffs filed garnishment proceedings under the statute against the American Motorists Insurance Company, to recover an alleged indebtedness due the defendants by the company by reason of a certain insurance contract entered into between the defendants and the company. The case was heard by the court and judgments adverse to the plaintiffs were rendered.

The undisputed evidence is, that on the 16th of April, 1936, Wyatt applied to Lowery D. Finley and Company, agents for the American Motorists Insurance Company, for an insurance policy to cover liability in the full sum of $10,-000 while operating a Ford 1½ ton truck, motor number 18-2045540. The only information given Finley and Company was that obtained from the registration card of defendants issued by the Motor Vehicle Commission of the Commonwealth and the further fact that defendants were engaged in the lumber business. No mention was made of the fact that a trailer or semi-trailer was to be used in connection with the operation of the truck, and the only premium collected was the sum of $67, which covered insurance only on the truck for a period of one year. The evidence also discloses that Wyatt knew that a trailer or semi-trailer required a separate license, and that a trailer or semi-trailer, when attached to a truck, required separate insurance coverage. At the time of the accident, there was attached to the truck a semi-trailer, used to haul lumber and logs. It was the attachment of this semi-trailer to the truck that formed the basis for the denial of liability upon the part of the insurance company.

It is admitted by counsel for the plaintiffs "that at times, for the purpose of taxation, one part of the vehicle may be called 'tractor' and another part 'semi-trailer'."

The contract of insurance is a standard form policy and contains this pertinent provision:

"This policy does not apply; under coverage (a) and (b) while the automobile is used for the towing of any trailer not covered by like insurance in the company or while any trailer covered by this policy is used with any automobile not covered by like insurance in the company."

In the contract it is further provided:

"Except where specifically stated to the contrary, the word 'automobile' whenever used in this policy shall mean the motor vehicle, trailer or semi-trailer described herein, and the word 'trailer' shall include 'semi-trailer'."

It is thus seen that the sole question involved is the question of coverage, which must be determined by a construction of the contract of insurance.

This court has repeatedly held that courts have no power to make contracts of insurance, and when it appears upon the face of the contract by clear and unambiguous language that exclusions of risks are incorporated therein, then it is the duty of the court to enforce the contract as written.

In *Darden* v. *North American Benefit Association,* 170 Va. 479, 482, 197 S. E. 413, 415, Mr. Justice Spratley said:

"At the outset, it must be conceded that an insurance company may provide in its contract of insurance, terms, provisions and conditions not in violation of law and not inconsistent with public policy. It may provide for the amount to be paid, and the risk or hazard assumed. It may charge an increased premium for certain assumed risks, and may exclude from the contract risks not assumed. Its terms, provisions and conditions are to be considered as in other contracts, subject, of course, only to provisions of law affecting insurance contracts. The courts have neither the duty nor the power to make the contracts. It is only their function to construe them. When the terms and provisions are clear, there must be given to such terms and provisions the construction and effect consonant with the apparent object. The contract of insurance is to be considered and construed as a whole. *Collins* v. *Metropolitan Life Insurance Co.,* 163 Va. 833, 178 S. E. 40; 14 R. C. L. 926."

The first contention of plaintiffs is that when the semitrailer was joined to the tractor or truck by an iron bar, it constituted a truck, and therefore, was such a truck as the policy covered. This contention is untenable under the specific provisions of the automobile Act which is carried in Michie's Code as section 2154(48) et seq. Section 2154(49) clearly draws a distinction between motor vehicles, and defines each one as follows:

" 'Semi-trailer.'—Every vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle.

" 'Tractor truck.'—Every motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the load and weight of the vehicle attached thereto.

" 'Trailer.'—Every vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle.

" 'Vehicle.'—Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks."

Section 2154(59) provides:

"(a) Except as otherwise provided in this section and sections 2154(60), 2154(69) and 2154(71), every person, including every railway, express, and public service company, owning a motor vehicle, trailer, or semi-trailer intended to be operated upon any highway in this state shall, before the same is so operated, apply to the division for and obtain the registration thereof and a certificate of title therefor."

Section 2154(64) provides that after the owner has made application for a certificate of registration, "The division upon receiving an application for a certificate or title for a motor vehicle, trailer, or semi-trailer shall issue to the owner a certificate of title therefor and registration card as separate documents. * * *. The fee to be paid to the division for the issuance of each certificate of title shall be one ($1.00) dollar."

Section 2154(67) requires that on each motor vehicle, trailer, or semi-trailer there shall be two license plates conspicuously displayed thereon.

Section 2154(82) provides for the payment of a separate license fee according to weight upon "all motor vehicles, trailers and semi-trailers."

Section 2154 (85) provides that it shall be unlawful to violate any of the provisions of the Act in regard to the registration requirements relating to vehicles, trailers or semi-trailers.

■ An examination of the Motor Vehicle Code reveals that in almost every section of the Code a distinction is drawn between motor vehicles, trailers and semi-trailers.

■ The second contention of plaintiffs is:

"Assuming—for the purpose of argument only—that the insurance only applied to the tractor, and that the exclusion clause upon which the Garnishee relies to avoid liability should be given force and effect insofar as such can be done, it is pertinent to inquire whether the defendants' vehicle was, in fact, 'towing' any other vehicle. It is plain that it was not. Under the strict rule that should be applied against the Company in construction of its contract of insurance, where the wording is susceptible of that construction which will accomplish the objects of the issuance of the contract, it is confidently asserted that at the time of the injuries occasioned to the Plaintiffs the insured motor vehicle was not 'towing' any other vehicle within the meaning of the word tow.

"There seems to be no authority of record construing the word 'tow' or 'towing' as applied to automobiles, however, it is submitted that the exclusion clause was intended only to cover those instances in which an emergency has occurred and one attaches a rope to another vehicle and tows it to a place of safety." Section 2154 (159) of the Code, we think, answers this contention. In that section this appears:

"(b) The draw bar or connection between any two vehicles, one of which is towing or drawing the other on a highway, shall not exceed ten feet in length from one vehicle to the other. Only in case of an emergency shall any such connection consist of a chain or cable, but such two vehicles, when one of which is being towed or drawn by another regularly, shall in addition to such draw bar, be equipped at all times when so operated on the highway, with an emergency chain."

While not controlling, decisions of other courts construing similar provisions of insurance policies are helpful. In *Waddey* v. *Maryland Casualty Co.*, 171 Tenn. 112, 100 S. W. (2d) 984, the court construed a policy of insurance containing a clause providing for non-coverage while the automobile was being used for towing or propelling any trailer or vehicle used as a trailer. At the time of the accident complained of, the insured was towing up a hill a small wagon in which two boys were seated. When the insured reached the top of the hill, he failed to stop the automobile, the boys lost control of the wagon and were injured. In construing the anti-coverage clause of the policy, the court held that the wagon was a trailer and denied recovery.

In *United States Fidelity & Guaranty Co.* v. *Bachmann*, 256 App. Div. 1042, 10 N. Y. S. (2d) 704, this is said: "An accident which occurred when an automobile with a trailer in tow was stopped temporarily at the side of the road, was not covered by an automobile casualty policy which excepted from coverage accidents occurring while the automobile involved was being used in towing a trailer."

In our opinion the trial court correctly construed the policy of insurance, and therefore the judgments must be affirmed.

*Affirmed.*