## CLARK v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

### No. 12629.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1949.

Rehearing Denied Dec. 5, 1949.

H. A. Stephens, Jr., Robert Wilson Smith, Jr., Gainesville, Ga., for appellant.

Harry L. Greene, Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

PER CURIAM.

The suit, brought by appellant as named beneficiary in a certificate of insurance issued by defendant-appellee, on November 13, 1939, at Columbus, Ohio, to Melvin John Clark, a member of the Gainesville, Georgia Council of defendant, was for $3750. The certificate was in the face amount of $5000, but by a rider attached to and a part of it at its issuance, it was agreed that because of Clark's occupation as Gate Keeper, the maximum benefits payable would be 75 percent of the face.

The defendant, alleging that since the issuance of the certificate and rider the insured had changed his occupation to "Internal Revenue Collector suppressing illicit distilleries" having an "X" class rating entitling him, under Art. 15, Sec. 180 of De-

fendant's Constitution and By-Laws, to a payment of 25 percent of the face, or $1250, made tender of that sum.

1. This showed:

That the defendant-appellee is a fraternal benefit society organized and created under the laws of the State of Ohio and qualified to do business as a fraternal benefit society in Georgia;

That at the time of his death, Clark, the insured, was working for the United States Government as an Investigator of the Alcoholic Tax Unit;

That his duties in that occupation were investigating violations of Internal Revenue laws, including locating and raiding illicit distilleries and his death occurred while he was raiding an illicit distillery as an officer of the United States Alcoholic Tax Unit, he having been shot and killed by the operator of the illicit distillery;

That neither the insured nor plaintiff, nor anyone else ever gave notice to the Supreme Council of defendant at Columbus, Ohio, of the change in his occupation from that of gate keeper at the time of the issuance of the policy to that of investigator of the Alcoholic Tax Unit, at the time of his death, though the secretary and the officers of the local council, Gainsville Council No. 416, had knowledge that he had changed his occupation.

Clause 5 of the stipulation was as follows: "Attached hereto and made a part hereof are certified copies of the Constitution and By-Laws of the defendant effective September 1, 1939, and September 1, 1946, respectively, and copy of Official Conference Manual of the Health and Accident Underwriters' Conference, revised to May 1, 1925, and in effect throughout the years 1939 to 1947, both inclusive, such Constitution and By-Laws and Conference Manual forming parts of the certificates of membership and insurance issued to Melvin John Clark in 1939 and in effect and fixing the classification of risks at the time of his accidental death on June 17, 1947."

2. "Findings of Fact.

"The facts are found as stipulated by the parties and with particular reference to the certificate of insurance, including the terms of the application therefor, and the occupational rider, which latter are attached to and form a part of the policy. Further, special reference is made to Article XV of the Constitution of the defendant effective September 1, 1946, particularly Sections 13 and 18 thereof, and the classification of the Conference Manual published by the Health and Ac-

Submitted to the court without a jury on a stipulation of facts,[1] there were findings of fact[2] and conclusions of law,[3] followed

cident Underwriters, revised May 1, 1925, page 57 'Internal Revenue—Collector, suppressing illicit distilling.' These writings are in evidence."

3. "Conclusions of Law.

"The court has jurisdiction of the parties and subject matter.

"Considering the recitals of the Certificate of Insurance as a whole, and in connection with the provisions of the Constitution of the Order, there is no conflict or repugnancy between the terms of the certificate and the provisions of the Constitution, which are by the certificate made controlling. By the terms of the application and the certificate itself, the benefits payable are those provided by the Constitution. The benefit of $5,000 expressed in the face of the certificate is thus that provided, in general, by the provisions of the Constitution, subject, however, to reduction in accordance with the occupational classification properly applicable to the insured member at the time of the accidental injury or death. Furthermore, that the amount stated payable by the certificate in dollars was subject to reduction dependent upon a change of occupation was understood by both the member and the Order, is evidenced by the fact that a reduction to 75% of the maximum benefit was by 'occupational rider' attached at the time the certificate was issued, and subsequent thereto the insured member once changed his occupation and again changed when he became an Investigator for the Alcohol Tax Unit. While the insured member was entitled to and did receive a Class A certificate, this was, under the terms of the certificate and Constitution, subject to occupational classification which diminished the amount of benefits payable.

"Under the facts of this case, the defense is not merely one of breach of a promissory warranty as to a condition subsequent, that is, the failure to report a change of occupation, but is rather the assertion that the benefits payable are those provided by Section 18 of Article XV of the Constitution of the Order, by the terms of which the amount of benefits is ascertained in accordance with the occupational classification of the insured member at the time of his accidental death. As set forth in the last proviso of Section 18 of Article XV of the Constitution, supra: 'provided, however, that in the adjustment of claims the Supreme

by a judgment for plaintiff for $1250, the amount tendered by defendant.

Plaintiff has appealed, insisting that the certificate and attached rider fixing a 75 percent recovery rather than the provision of Article 15 of the Constitution limiting the recovery to 25 percent are controlling, that the conclusions of law were, therefore, erroneous, and the judgment must be reversed.

 We cannot agree. The contract was an Ohio contract and the rights and obligations of appellant and appellee under the certificate, constitution and by-laws sued on are governed by the laws of Ohio. Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L.R. 1107. The district judge in his conclusions set out in Note 3, supra, correctly stated the effect of that law. Tisch v. Protected Home Circle, 72 Ohio St. 233, 74 N.E. 188.[4] Other authorities which may be cited are: 46 C.J. S., Insurance, § 1546b; 18 Appleman on Insurance Law and Practice, p. 206; Supreme Tent, etc. Macabees v. Raedel, 77 Ohio St. 620, 84 N.E. 1133; Order of United Commercial Travelers of America

v. Knorr, 10 Cir., 112 F.2d 679; Railway Mail Ass'n v. Weir, 24 Ohio App. 5, 156 N.E. 921; Darden v. North American Benefit Ass'n, 170 Va. 479, 197 S.E. 413.

The judgment is

Affirmed.

Executive Committee shall use as a base for classifying the occupation of an Insured Member his regular or principal occupation and not that in which he might be temporarily or incidentally engaged at the time of injury.' It is true that a substantial part of the duties of a deputy sheriff not riding a motorcycle, and which were performed by the insured member at the time of his original application, includes the suppression of illicit distilling. It is likewise true, however, that his duties as an Investigator of the Alcohol Tax Unit dealt altogether with the suppressing of illicit distilling, except time spent in attendance in Court as a witness. However this may be, the rating manual accepted by the Constitution of the Order as the standard, does make a difference in rating between these two occupations, and the Court does not feel authorized to hold that there was no change of occupation. Furthermore, it is stipulated that there had been a change of occupation from deputy sheriff not riding a motorcycle, to that of gatekeeper and then the subsequent change from gatekeeper at a plant to entrance into the

employment as Investigator for the Alcohol Tax Unit.

"Under the facts of this case, no special significance is attached to the failure of the insured member to notify the Order of his change of occupation or because of the fact that members of the local council had knowledge of such change. If total forfeiture were claimed, these matters would become material, but since the reduction of benefits claimed is only that which would have followed from the giving of notice, and as provided in the Constitution of the Order, there is no forfeiture in substance, but merely an ascertainment of the benefits due in accordance with the terms of the certificate.

"It follows from what has been said that the amount tendered by the defendant is all the complainant beneficiary is entitled to recover, and that judgment should go for the defendant, with the right to the complainant to withdraw from the evidence the original check tendered and to cash and receive the benefits thereof. Judgment to this effect may be presented. * * *"

