**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEVEN PHAM, as personal
representative of the estate of Louis
Diep Pham; KINH B. PHAM, natural
parent of Louis Diep Pham,
deceased; LA T. BUI, natural parent
of Louis Diep Pham, deceased;
KHANH BA PHAM; BANG LE; MINH
NGOC HA; VU DUY NGUYEN; KIEU
TRANG THI-DO,

             *Plaintiffs-Appellants,*

        v.

HARTFORD FIRE INSURANCE COMPANY,
             *Defendant-Appellee.*

No. 04-1520

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-03-1316-1-A)

Argued: December 3, 2004

Decided: August 23, 2005

Before WIDENER and WILKINSON, Circuit Judges, and
Norman K. MOON, United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge Wilkinson and Judge Moon concurred.

_____

**COUNSEL**

**ARGUED:** William Wayne Muhr, Colorado Springs, Colorado, for Appellants. Thomas Sykes Schaufelberger, WRIGHT, ROBINSON, OSTHIMER & TATUM, Washington, D.C., for Appellee. **ON BRIEF:** Richard A. Dezio, Alexandria, Virginia, for Appellants. Paul A. Fitzsimmons, WRIGHT, ROBINSON, OSTHIMER & TATUM, Washington, D.C., for Appellee.

---

**OPINION**

WIDENER, Circuit Judge:

The plaintiffs appeal the district court's denial of their motion for summary judgment and grant of the defendant, Hartford Fire Insurance's, cross-motion for summary judgment. The issue presented to the district court was whether Erwin Guerra was an insured person for purposes of coverage pursuant to his employer's business auto insurance policy. In this action seeking insurance policy coverage of a claim stemming from a fatal car accident, which was caused by Guerra, the plaintiffs argue that Hartford should satisfy to the policy limit the judgment they received against Guerra in the Denver District Court, a Colorado state court. They argue that he is an insured under his employer's business auto policy.

Because we decide Guerra was not an insured under his employer's business auto policy at the time of the accident, we affirm the judgment of the district court.

I.

Guerra was employed by OSP Consultants, Inc., a Virginia corporation with its principal place of business in Virginia, that provided fiber-optic cable installation services to cable companies throughout the country. OSP sent work crews from its headquarters in Virginia to work on temporary assignments installing the fiber-optic cable. During temporary assignments, OSP provided its work crews with an apartment in which to live and a weekly per diem allowance.

In early 1995, while working in a regular permanent position with OSP, Guerra accepted a temporary assignment in Denver. In addition to weekly pay, Guerra received the weekly per diem allowance and free housing in OSP-provided apartments. OSP maintained an office at the apartments and OSP employees would meet there to obtain their work assignments and transportation to the job sites.

While working in Denver, Guerra held the position of "lead laborer." In this position, he drove OSP employees to and from the job site, organized and supervised his crew, and acted as liaison between the crew, many of whom were foreign nationals, and OSP supervisors.

OSP workers and supervisors occasionally met on weekends at local night spots to eat, drink and socialize. OSP allowed its employees to drink alcohol on the weekends. Further, OSP had a policy of giving its workers in Denver a cash payment of $105 every Friday evening. OSP did not allow company-owned vehicles to be used by OSP employees once the daily work assignments were completed.

After working on OSP's Denver job for some time, Guerra returned with the permission of his employer to his home in Virginia to obtain his own auto. He was one of about three OSP employees who was given permission to have his car in Colorado. Guerra used his car to obtain groceries and other necessities for himself and his coworkers. He also transported OSP employees to social gatherings.

At 2:00 a.m. on a Sunday morning, after drinking and socializing with other OSP employees at a local Denver nightspot, Guerra and a co-worker stopped to eat. Guerra then commenced to drive his co-worker back to the OSP apartments. While en route to the apartments, Guerra drove his 1985 Volvo station wagon through a red light and collided with a 1995 Nissan Maxima that had entered the intersection. The occupants of the Nissan were seriously injured in the accident. The driver of the Nissan later died from his injuries.

The plaintiffs filed a civil action in the Denver District Court naming Guerra and OSP as defendants. OSP was dismissed from the case with a judgment on the merits in its favor because the court rejected the plaintiff's theory of respondent superior since Guerra was off duty

and not acting within the scope of his employment at the time of the accident. The plaintiffs then settled with Guerra and obtained a judgment against him in the amount of $1,558,707.78 plus 9% interest per annum on the judgment. The plaintiffs attempted to satisfy this judgment, but were unable to reach funds beyond the limits of Guerra's personal auto insurance policy.

The plaintiffs now seek to have the judgment against Guerra paid by Hartford to the limits of the policy because the plaintiffs allege Guerra is an insured person under OSP's business auto insurance policy.

II.

We review *de novo* the district court's decision to grant Hartford's cross-motion for summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). We view the evidence in the light most favorable to the nonmoving party. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Accordingly, the questions before us on *de novo* review are whether any genuine issues of material fact exist for the trier of fact, and if not, whether Hartford was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A.

In this diversity case, the district court correctly applied the law of Virginia, the forum State and the State in which the contract of insurance was made. According to Virginia law:

> At the outset, it must be conceded that an insurance company may provide in its contract of insurance, terms, provisions, and conditions not in violation of law and not inconsistent with public policy. It may provide for the amount to be paid, and the risk or hazard assumed. It may charge an increased premium for certain assumed risks, and may exclude from the contract risks not assumed. Its terms, provisions and conditions are to be considered the same as in other contracts subject, of course, only to provisions of

law affecting insurance contracts. The courts have neither the duty nor the power to make the contracts. It is only their function to construe them. When the terms and provisions are clear, there must be given to such terms and provisions the construction and effect consonant with the apparent object. The contract of insurance is to be considered and construed as a whole. *Collins v. Metropolitan Life Insurance Company*, 163 Va. 833, 178 S.E. 40; 14 R.C.L. 926.

*Darden v. N. A. Benefit Ass'n*, 197 S.E. 413, 415 (Va. 1938).

The policies at issue include a Virginia Business Auto Policy and a Broad Form Endorsement. Part IV(A) of the Virginia Business Auto Policy provides:

WE WILL PAY.

1.  we will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto. JA 341.

Of the nine potential categories of described covered autos in the policy, OSP was covered under "ANY AUTO." JA 345, 346.

For an employee using a covered auto to be covered under the policy, that employee must also qualify as an "insured," as written in the Hartford policy under Part IV, LIABILITY INSURANCE, and under the amendment to Part IV contained in the Broad Form Endorsement. Part IV(D) of the Business Auto Policy provides:

WHO IS INSURED.

1.  You are an insured for any covered auto.

2.  Anyone else is an insured while using a covered auto you own, hire or borrow except:

    a.   The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.

    b.   Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.

    c.   Anyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto.

    3.   Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own. JA 341.

A Broad Form Endorsement amended "Who Is Insured" under Part IV, paragraph D of the Virginia Business Auto Policy to add:

    4.   Any employee of yours while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs. JA 348.

Pursuant to PART 1A of the Hartford Business Auto Policy, "you," "your" and "yours" refer to OSP. JA 340, 388.

## B.

We first address the plaintiffs' contention that the district court erred in its holding that Guerra was not an "insured" under the language of Hartford's Broad Form Endorsement contract.

The plaintiffs argue that the amendment to the Business Auto Policy provides broader coverage to employees than they had under the original policy. Specifically, the plaintiffs claim that under the original policy, Part IV(D), an OSP employee would qualify as an "insured" only if he or she was using, with OSP's permission, a covered auto that OSP "owned, hired or borrowed." Br. p.22. The argument

goes that an OSP employee using his own auto in Denver at OSP's request and with OSP's permission, would not be an "insured" under the original Business Auto Policy. But, under the Broad Form Endorsement, the plaintiffs argue, the Business Auto Policy was modified to provide insurance to OSP employees using their personal autos.

The Broad Form Endorsement amended Part IV(D), "WHO IS INSURED" to add:

> 4. Any employee of yours while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

Plaintiffs construe the words "in your business or personal affairs" to relate to the words "covered auto" and not to the use by the driver thereof in the "business or [ ]personal affairs" of OSP. Thus, they claim coverage for such an OSP employee driving his own car "as long as he negligently uses the covered auto and causes injuries to innocent third parties." Br. p.23.

We disagree. In our opinion, such is a strained construction because it omits the plain requirement of using the auto in the business or personal affairs of OSP. The plain meaning of this provision of the Broad Form Endorsement is clear and unambiguous. Reasonably construed, it does not lend itself to the interpretation of the plaintiffs. Under the Broad Form Endorsement, an employee is covered, even in an auto that OSP does not own, hire, or borrow, so long as the employee is engaged in OSP's business or OSP's personal affairs. By his own admission, Guerra was not acting on behalf of his employer at the time of the accident. In his deposition, Guerra testified, "They [OSP] have nothing to do with this. I was driving my car, after business hours, and I was driving — and I was drinking. It was something that happened to me when I was off of work." When asked, "Did this have anything to do with your job, going into this bar," Guerra answered, "No." Guerra was driving his personal auto while off duty at the time of the accident. Therefore, Guerra is not an insured under OSP's policy with Hartford Insurance because he was not acting in OSP's business or OSP's personal affairs.

C.

Even if plaintiffs claim coverage under item THREE of the policy declarations, symbol 9, which is not listed under item TWO of the declarations, see JA 345 and 346, the result is the same. A subcategory of "ANY AUTO" in the policy declarations is "NONOWNED AUTOS ONLY." The definition of "NONOWNED AUTOS ONLY" provides:

> Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs.[1]

Thus, an auto not owned by OSP but by one of its employees such as Guerra, could be covered "only while used in [OSP's] business or [OSP's] personal affairs." For the same reasons as stated above, no such use was involved here. Because his personal auto was not a "covered" auto at the time of the accident, the Hartford policy does not cover Guerra as an insured.

D.

The Virginia Omnibus Statute, Va. Code § 38.2-2204, requires that insurance coverage be provided to any driver given permission to drive an auto by the named insured (or responsible person). Here, Guerra was driving his own auto, not OSP's, at the time of the accident. Accordingly, the Omnibus Statute simply does not apply to extend coverage to Guerra.

The plaintiffs argue that the Omnibus Statute provided liability coverage to Guerra in two ways: (1) as an owner of his auto that was issued liability coverage; and (2) as any person "using" a covered auto with the expressed or implied permission of the named insured.

---

[1] We note the similar and consistent wording of the amendment to Part IV(D) of the Broad Form Endorsement. See JA 346 and JA 348.

The Supreme Court of Virginia has answered a certified question of Virginia law from this court regarding the Omnibus Statute in *Stone v. Liberty Mutual Ins. Co.*, 478 S.E.2d 883 (Va. 1996). The question involved "statutory interpretation and a motor vehicle insurance coverage issue" which arose in that case from an uninsured/underinsured motorist endorsement to an insurance policy. *Stone*, 478 S.E.2d at 883. In *Stone*, the court discussed the Omnibus Statute as follows:

> When construing such language, we repeatedly have held that a named insured generally cannot give permission to use a vehicle that the named insured does not own. For example, in *Nationwide Mut. Ins. Co. v. Cole*, 203 Va. 337, 341, 124 S.E.2d 203, 206 (1962), the Court said that "in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission." Accord *Virginia Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 343, 46 S.E.2d 377, 380 (1948).

*Stone*, 478 S.E.2d at 886.

The district court correctly concluded that OSP could not give Guerra permission to drive an auto that it did not own, but was owned by Guerra himself. See *Stone*, 478 S.E.2d at 866. Therefore, because Guerra was driving an auto that he owned himself, rather than an auto owned by OSP, the Omnibus Statute does not apply. The plaintiffs' claim that Guerra was an insured under the Hartford policy fails here, as well.

### III.

We uphold the district court's finding that Guerra was not an insured person under the Hartford Policy because his use at the time of the accident did not involve the business or personal affairs of OSP. We are also of opinion that because Guerra was driving his own auto at the time of the accident, the Omnibus Statute does not apply.

The district court's grant of summary judgment to Hartford was proper.

Accordingly, the judgment of the district court is

*AFFIRMED.*[2]

---

[2]Because we find that Guerra was not an insured under the Hartford policy, any other issues argued on brief by the plaintiffs are not addressed.