ANNA M. ACKERSON, ADMINISTRATRIX, vs. ERWIN M.
JENNINGS COMPANY, INCORPORATED.

WILLIAM EDWARD HUNT vs. ERWIN M. JENNINGS
COMPANY, INCORPORATED.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The jury might reasonably have found the following facts: The
general manager of the Stamford branch of the defendant's auto-
mobile sales and service business extended an invitation, written
on the defendant's stationery, to the men there employed to be
his guests at a dinner "as a token of my appreciation of your
services rendered for the Company and myself." On the ap-
pointed evening the men gathered at the office and were taken
to an inn in two cars belonging to the defendant and ordinarily
used as demonstrators, one being driven by the general manager
and the other by the manager of the service department. While
returning home from the dinner, at which the desirability of
closer and more confidential relations between the men and
himself was discussed and urged by the general manager, the
car operated by the service manager was negligently driven off
the road and collided with two poles resulting in the death
of the husband of one of the plaintiffs and in severe injuries
to the other, both of whom were employed as mechanics in
the service department. The trial court directed a verdict for
the defendant in both actions on the ground that the service
manager, in driving the car, was not acting within the scope of
his employment: *Held:*

1.  That despite the general manager's testimony that the dinner
    was given at his personal expense to show his appreciation of a
    Christmas gift given him by the employees, the jury might
    reasonably have concluded that it was intended principally, if
    not wholly, to promote the defendant's interests by fostering
    harmony, co-operation and good will, and that, in arranging it,
    he was acting within the implied or, at least the apparent, scope
    of his authority; and that it was, therefore, immaterial whether
    it was given with the defendant's actual authority or consent or
    whether, but for its unfortunate termination, it would have been
    approved and ratified by the defendant.
2.  That those who attended the dinner were entitled to rely upon
    the legal presumption—especially broad as applied to a general

agent or manager—that an employer intends his employee to have such powers as are reasonably necessary to carry on his work, and such other powers as are reasonably necessary to enable him to carry into effect the powers thus implied.

3. That even if the personal gratitude of the general manager were an impelling motive of the occasion, it would not defeat a recovery unless it was such a departure from the course of the defendant's business as to be "a frolic of his own."

4. That since reasonable men might reasonably differ as to the result, the direction of the verdicts was erroneous.

Argued January 17th—decided February 28th, 1928.

ACTIONS to recover damages, one for the death of the husband of the plaintiff Anna M. Ackerson, administratrix, and the other for personal injuries to the plaintiff William Edward Hunt, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Wolfe, J.;* the trial court directed a verdict for the defendant in both cases, and from the judgments rendered thereon the plaintiffs appealed. *Error and new trial ordered.*

*Justus J. Fennel,* with whom was *Maurice J. Buckley,* and, on the brief, *John A. Walsh* and *George Dimenstein,* for the appellants (plaintiffs).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (defendant).

HINMAN, J.   While Ackerson and Hunt were riding as passengers in an automobile owned by the defendant and driven by one Root, the car left the road and collided with two poles, as a result of which Ackerson was killed and Hunt seriously injured.   No question is made that there was sufficient evidence as to the negligence of Root to go to the jury, but the trial court held that plaintiffs had failed to show that Root, in driving the car at the time of the accident, was in the

service of the defendant and engaged in performing its business and, on that ground, directed verdicts for the defendant.  Error in so doing and in refusing to set aside the verdicts are the assignments pursued on these appeals.

It is only when the evidence is so clear for one side or the other that reasonable men cannot differ as to the verdict which ought to be rendered, that the trial court may require the jury to return that verdict. They are then directed to decide the issues in a certain way because these could not reasonably be decided in any other way.  *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 578, 579, 71 Atl. 734.  A verdict is not to be directed unless there is no other conclusion of fact, decisive of the issues, which can be reached logically, and reasonably, from the evidence before the jury, than that which is in accordance with the verdict directed.  *Gerardi* v. *Driscoll*, 88 Conn. 16, 89 Atl. 892; *Way* v. *Connecticut Co.*, 90 Conn. 139, 96 Atl. 927.  Upon appeal from a directed verdict, this court must assume the truth of the appellant's testimony, although it be contradicted, if the jury could reasonably have found the fact or facts which such evidence tended to prove.  *Pothier* v. *Reid Air Spring Co.*, 103 Conn. 380, 388, 130 Atl. 383.

The jury might reasonably have found, from the evidence, these facts: The defendant is in the business of selling, repairing and rendering service for automobiles, having its main establishment in Bridgeport and branches in several other Connecticut cities, including one in Stamford.  At and before the time in question one Wilcox was general manager of the Stamford branch, and, as such, had direct supervision of the conduct of the business of that branch, including the sale and service of cars, and general control of defendant's employees connected therewith.  Root was service

manager at the Stamford branch, having charge of all
repair work, the stock room, and the servicing of cars,
and had direct supervision of the men employed in that
department, including Ackerson and Hunt, both of
whom were automobile mechanics. The other depart-
ments were the show room and the sales department.
Root's immediate superior, from whom he took orders,
was Wilcox.

On December 24th, 1926, each of the employees of
the Stamford branch received an invitation, written
on the stationery of the defendant company and signed
by Wilcox, reading, "You are cordially invited to be
my guest at a dinner to be held on the evening of
January 8th, 1927, as a token of my appreciation of
your services rendered for the Company and myself."
No place or hour was stated, but by subsequent ar-
rangement all of the employees, except two young
ladies employed in the office, and one man, who washed
cars, met at the office on the evening in question and
they were transported, in two cars belonging to the de-
fendant and driven by Wilcox and Root, respectively,
to an inn, some distance away, where the dinner was
held.

Root testified that Wilcox asked him if any of the
men had transportation and, being informed that none
of them had, said, "We will have to furnish transporta-
tion then," and told him to take a car and transport the
men employed in his department and he, Wilcox,
would take the others. Wilcox's version of this occur-
rence was that when he asked Root if any of the men
had cars in which they could go and received a nega-
tive answer, he proposed hiring a taxicab and that it
was Root who suggested taking the men in a demon-
strating car.

At the dinner Wilcox spoke to the men regarding the
desirability of closer relations and consultation be-

Ackerson v. Jennings Co., Inc.

tween them and him, urging that if any had grievances they should talk them over with him instead of keeping them to themselves and perhaps "getting through." Wilcox testified that he gave the dinner on his own initiative and at his own expense to show his appreciation of a Christmas gift which had been given him by the employees. We think, however, in view of the statement of the purpose contained in the invitation and the above mentioned discussion at the dinner, that the jury might reasonably have found that the occasion was intended principally if not solely to promote legitimate and important interests of the defendant's business, viz., harmony, co-operation, and good will among the employees of the Stamford branch and between them and Wilcox as defendant's representative, and within the scope and implied authority of Wilcox, as its manager, acting in behalf of the defendant. Any secret intention of Wilcox which none of the employees knew or inferred could not be held to characterize the purposes of this occasion.

"The law presumes that an employer intends his employee to have such powers as are reasonably necessary for him to carry on his work for the employer, and such other powers as are reasonably necessary for him to carry into effect the powers thus implied." *Russo* v. *McAviney*, 96 Conn. 21, 112 Atl. 657; *Stone* v. *Hills*, 45 Conn. 44, 47. These implied powers are particularly broad in the case of one acting as a general agent or manager, such a position presupposing a degree of confidence reposed and investiture with liberal powers for the exercise of judgment and discretion in transactions and concerns which are incident or appurtenant to the business of his principal or to that branch of such business which is entrusted to his care and management. The presumption to that effect may well be and is constantly relied upon by persons deal-

ing with such agents. 1 Mechem on Agency (2d Ed.) §739; 2 Corpus Juris, "Agency," §287. Whether the dinner was given by actual authority or consent of the defendant or, but for its unfortunate termination, would have been approved and ratified by it, is immaterial, if it was within the scope of Wilcox's employment and apparent authority. *Butler* v. *Hyperion Theatre Co., Inc.,* 100 Conn. 551, 554, 124 Atl. 220. Neither would it necessarily defeat a recovery—provided that Wilcox, in arranging and accomplishing the affair, was engaged in the execution or legitimate promotion of the defendant's business within the actual or apparent scope of his employment—if gratitude for the gift which he had received and appreciation of its significance also figured, to some extent, as an impelling motive, so long as there was not such a total departure from the course of the defendant's business that the enterprise may be said to have been merely " 'a frolic of his own.' " *Ritchie* v. *Waller,* 63 Conn. 155, 162, 28 Atl. 129.

On the way back from the dinner the same men who had gone in the automobile driven by Root, and one other man, were in the car, and it was on this return journey that the accident occurred.

There was considerable, and contradictory, testimony as to the right of Root to use company cars for his personal purposes and the knowledge of the defendant that he did so use them, but these considerations were for the jury and are unimportant if, as we hold, the jury would have been warranted in finding that, on this occasion, Root was driving the car by express direction of Wilcox, given within the apparent scope of his authority. If Wilcox had, at the time and place, instructed Root to take one of defendant's cars and go to the relief of a disabled automobile out upon the road, no question could be made as to defendant's

Ackerson *v*. Jennings Co., Inc.

liability for consequences of Root's negligence while so engaged. If, as we think, the jury might have found, not unreasonably, if they believed all the testimony adduced by the plaintiffs, and adopted the inferences properly to be drawn therefrom, the trip upon which Root was engaged was, perhaps not so obviously but none the less truly, in the same category, a like result would follow. If, on the other hand, the jury concluded that the expedition was a personal entertainment by Wilcox of the employees of the company as his guests in return for the present which had been made to him and that such references as were made to the conduct of the business of the company were merely incidental and such as would naturally be discussed in a meeting of its employees, the occasion would not be within the apparent scope of Wilcox's authority as representing the defendant, and it would not be liable.

We have to consider only what the jury reasonably could find, not what, upon all the evidence with the contradictions involved therein, they might find if the material questions of fact were submitted to them for determination, and we cannot say that a conclusion favorable to a recovery by the plaintiffs could not have been reached reasonably.

There is error, the judgment is set aside and a new trial ordered in each case.

In this opinion the other judges concurred.