PAINE, Plaintiff and Respondent, vs. FINKLER MOTOR CAR COMPANY, INC., and others, Defendants and Appellants: DRAVES and another, Impleaded Defendants and Respondents.

*November 5, 1935—January 7, 1936.*

For the appellants there was a brief by *Wood, Warner & Tyrrell,* and oral argument by *John C. McQuaid,* all of Milwaukee.

For the respondent Paine there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *F. E. McGovern.*

*Harry V. Meissner* of Milwaukee, for the respondents Draves and Banker's Indemnity Insurance Company.

MARTIN, J. The only error assigned is the dismissal of the cross complaint of the defendant, Continental Casualty Company, against the impleaded defendants, Loretta Draves and Banker's Indemnity Insurance Company. The record fails to disclose any cross complaint having been made by the Continental Casualty Company against the impleaded defendants. The only pleading on its behalf is a plea in abatement, a plea in bar, and a general answer to the original complaint. However, the defendant, Finkler Motor Car Company, Inc., in its answer, makes a cross complaint against the impleaded defendants, Loretta Draves and Banker's Indemnity Insurance Company. Since the Finkler Motor Car Company, Inc., Arthur Hinz, and Continental Casualty Company, defendants, have all joined in the appeal, we have for consideration any issue made by the cross complaint of the defendant, Finkler Motor Car Company, Inc.

The appellants' attorneys make this statement in their brief:

"For the purposes of this appeal, it will be assumed that the trial court correctly determined that Arthur Hinz at the time of the collision was the agent of Finkler Motor Car Company, Inc., and that the operation of the automobile at the time and place in question was incidental and necessary to the operation of the business of that company and hence within the coverage afforded by the policy issued to the Finkler Motor Car Company, Inc., by the Continental Casualty Company. These matters being established, does the

fact that the Continental Casualty Company also is liable on its policy operate to affect, limit or extinguish the liability of the Banker's Indemnity Insurance Company?"

Appellants contend that, under the public-liability insurance policy issued by the Banker's Indemnity Insurance Company to A. W. Draves, the husband of Loretta Draves, the latter is an adult member of the household of the named assured other than a chauffeur or domestic servant; that at the time of the accident the defendant Hinz was operating the automobile at the direction of Loretta Draves, and with her consent; and that the automobile was so operated as to give rise to a liability imposed by law on the operator thereof to the plaintiff.

The finding made by the trial court that at the time of the collision in question the defendant, Arthur Hinz, was not the agent of Mrs. Draves, and the specific finding that at said time he was the agent of the defendant, Finkler Motor Car Company, Inc., is not questioned on this appeal. The liability of all three defendants is conceded. However, appellants contend that the case presents a situation where the same risk is covered by the two insurance policies. In other words, that the defendant, Arthur Hinz, is an additional assured under the provision of the Banker's Indemnity Insurance Company policy issued to Mr. Draves, which policy contains the following provision:

"Additional Assured: (6) This policy shall apply in the same manner and under the same conditions as it applies to the named assured, to (a) any person or persons while riding in or legally operating any of the said automobiles and to any person, firm or corporation (except an automobile garage, repair shop, automobile sales agency or service station or the agents or employees thereof) legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult

member of the named assured's household other than a chauffeur or a domestic servant, (b) the immediate next of kin or legal representative of the named assured in the event of the named assured's death."

Sec. 204.30 (3), Stats., provides as follows:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provision as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for the purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; *provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof*. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without the consent of the company, indorsed hereon."

That the agents and employees of public automobile garages are excluded from the insurance afforded by the "permission" clause above quoted is clear and definite. There are three definite limitations and exclusions to the coverage which can be provided by the permission of the named assured: (1) The permission is limited to the use for purposes and in the manner described in the policy; (2) public automobile garages, their agents and employees, are clearly excluded from the coverage; (3) a transferee or pur-

chaser of the automobile is clearly excluded from the coverage, without the consent of the company indorsed on the policy.

The reasons for excluding public garages, their agents and employees, from the class of assured brought under a policy by the consent of the insured, are obvious. When an automobile is delivered for purposes of repair to a public garage or its employee, there is immediately created a bailment which, as a matter of law, places the responsibility for negligence in driving the automobile by garage employees upon the garage keeper under the rule of *respondeat superior*. There is a material difference in granting permission to drive an automobile to an individual selected by the insured and whose experience, skill, and habits as a driver are known to the insured, and in delivering an automobile to a garage for repair, and thereby inferring that the owner is granting permission to any and all employees and agents of such garage, who, in the course of the garageman's business, might be required to drive or operate or work upon the car. It would seem unreasonable to so construe the statute that the words "operate a car with the consent of the insured" would extend the insurance coverage to all employees of a garage, entirely unknown to the insured, and to whom the insured has not given a personal consent.

The legislative history of sec. 204.30 (3), Stats., is referred to in *Mauel v. Wisconsin Automobile Ins. Co.* 211 Wis. 230, 234, 248 N. W. 121. In view of its legislative history and the clear and definite language of the statute, it must be held the legislative intent to recognize the three limitations and exclusions to the coverage which can be provided by the permission of the named assured above mentioned.

In *Mauel v. Wisconsin Automobile Ins. Co., supra,* this court adopted the practical construction which had been

placed upon sec. 204.30 (3), Stats., by the insurance commissioner. While it may not appear the more obvious construction which might be placed upon said statute, the court has no inclination to recede from its holding in that case. The statute must be interpreted as subject to the combined interpretations in the *Mauel Case* and the instant case.

We conclude that, under the conceded facts here presented, the defendant Hinz, at the time in question, was not an additional assured under the provisions of the Banker's Indemnity Insurance Company policy or sec. 204.30 (3), Stats. Having reached this conclusion, it is unnecessary to discuss other issues referred to by counsel for the impleaded defendants.

*By the Court.*—Judgment affirmed.