JOHN T. SLATTERY *v.* THE MERCHANTS MUTUAL
CASUALTY COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 3—decided June 8, 1939.

*James E. Cannon,* with whom was *John A. Markham,* for the appellant (plaintiff).

*Julius B. Schatz,* with whom was *Arthur D. Weinstein,* for the appellee (defendant).

BROWN, J. The plaintiff sought recovery against the defendant of the amount of a judgment obtained against Wallace Lewis for injuries suffered by reason of the operation of an automobile owned by Martin J. O'Meara, but at the time being driven by Lewis, one of his automobile salesmen. The action was based upon a policy of insurance issued by the defendant to O'Meara doing business as O'Meara Motor Sales. The plaintiff did not allege or claim to have proved that O'Meara was under any legal liability to him by reason of the injury which he suffered, and admitted upon the pleadings that in an action brought by him against O'Meara and Lewis, though he secured a judgment against the latter, the issues were found in favor of O'Meara. *Slattery v. O'Meara,* 120 Conn. 465, 471, 181 Atl. 610. The plaintiff's complaint alleges that the policy insured O'Meara as the named insured and all others operating the automobile by his permission against liability, and that under the policy and § 4231 of the General Statutes the defendant is liable.

The court found these facts material to the plaintiff's appeal. On April 30, 1935, after trial, judgment was rendered for the plaintiff to recover $5841 of Lewis and finding the issues in favor of O'Meara, in an action naming both as defendants, the former as operator and the latter as owner of an automobile which collided on July 13, 1934, with the plaintiff's car. At the time of the collision Lewis was using the car for his own personal pleasure and under circumstances which had no "connection" with O'Meara's business,

and this use was not incidental to or in furtherance of the same. June 3, 1934, the defendant had executed and delivered to O'Meara its "Automobile Garage Liability Policy" in evidence, which was in full force and effect at the time of the collision. By it the defendant undertook to insure O'Meara against loss by reason of liability imposed by law upon the assured for property damage or personal injury, including death, in certain specified amounts and under certain named conditions, according to this indorsement attached to the policy at the time it was delivered: "This policy insures against such losses—defined in clauses one and two above—when sustained by reason of the conduct of the automobile sales agency, . . . including ownership, maintenance and operation of any style, type or make of automobile, . . . for any or all purposes in connection with such business including pleasure use." The policy contained this among other conditions: "RIGHT OF RECOVERY. No recovery against the company by the insured shall be had hereunder until the amount of the loss or expense shall have been finally determined, either by judgment against the assured after actual trial or by written agreement of the assured, the claimant and the company, nor in any event, unless suit is instituted within two years thereafter." No judgment has been recovered by the plaintiff against O'Meara, nor have O'Meara, the plaintiff and the defendant entered into a written agreement whereby O'Meara or the defendant became bound to pay the judgment rendered in favor of the plaintiff against Lewis, or any part of it.

The court concluded that the defendant's undertaking was to pay to O'Meara, or under § 4231 of the General Statutes to any person awarded judgment against him, the amount of the judgment with interest; the plaintiff had no right of action under § 4231;

and the defendant had not waived its nonliability under the policy, and was not estopped to assert this defense by its participation in the trial upon Lewis' behalf.

The principal claim on the plaintiff's appeal is that upon the facts found Lewis as an employee of O'Meara was entitled to look to the defendant for indemnity for his (Lewis') liability, and that by virtue of § 4231 he as plaintiff is subrogated to Lewis' rights. His chief argument is that failure so to construe the above re-cited clause insuring against liability incurred in the conduct of O'Meara's sales agency "including owner-ship, maintenance and operation of any . . . automobile . . . for . . . all purposes in connection with such business including pleasure use," would render mean-ingless the last three words quoted. This contention is predicated on the further provision that the policy "does not cover proprietors, partners or executives for the operation of personally owned automobiles whether or not used in the business of the Assured unless such automobiles are specifically described in the Policy and charged for at full individual car rates," and the fact that no such automobile is described therein. The plaintiff claims, therefore, that to give effect to the words "including pleasure use" the policy must be construed to cover the present case where Lewis, an employee, was driving O'Meara's car on a frolic of his own.

The wording of the policy, however, considered in connection with O'Meara's possible liability incident to the ownership and use of cars in connection with his automobile sales agency, makes clear that the words "including pleasure use" though inapplicable to such a case as the present, are not meaningless. The clause referring to the pleasure use of cars was presumably

inserted to obviate the possibility of the company claiming nonliability on the ground that the car was being used for pleasure, even though it was in connection with the assured's business, in some such situations, for instance, as that which we had before us in *Ackerson* v. *Jennings Co., Inc.,* 107 Conn. 393, 140 Atl. 760. Certainly this clause is insufficient to extend the coverage of the policy definitely stated in the insuring clauses to be one for "loss by reason of the liability imposed by law upon the assured." The initial declaration in the policy is "The Assured's name is Martin J. O'Meara d-b- as O'Meara Motor Sales." Its insuring clause provides the "Company . . . does hereby insure the Assured named" against "liability imposed by law upon the Assured for damages." Subsequent repeated references are made to "the Assured" and "the named Assured." Nowhere does the policy mention or suggest anyone other than O'Meara as the assured. Assuming the implied provision for which the plaintiff contends could ever be construed to be a part of a policy so worded, no basis for this construction exists in the present case. The wording of the policy distinguishes this from the case where a policy provides the "omnibus coverage" alleged in the plaintiff's complaint and involved in other cases decided by this court. *Dickinson* v. *Maryland Casualty Co.,* 101 Conn. 369, 376, 125 Atl. 866; *Tomasetti* v. *Maryland Casualty Co.,* 117 Conn. 505, 506, 169 Atl. 54; *Cain* v. *American Policyholders' Ins. Co.,* 120 Conn. 645, 648, 183 Atl. 403. The plaintiff's claim of estoppel or waiver alleged in his reply having been abandoned in argument, the judgment in favor of O'Meara in the original action is conclusive against the plaintiff's right of recovery.

In view of our disposition of the plaintiff's appeal

no purpose would be served by considering that of the defendant.

There is no error.

In this opinion the other judges concurred.