## BARRETT v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Ltd.

No. 9664.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1941.

Jas. G. Schillin, of New Orleans, La., for appellant.

Edward Rightor and W. H. Sellers, both of New Orleans, La., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, on an automobile liability policy issued to Bert Wells, an individual, as named assured, doing business as Bert Wells Nash Company, was for damages sustained in an automobile collision. The claim was, that the car was being driven by one Duclaux, an automobile salesman for Wells, and the accident arose out of the operations described in the Definition of Operations,[1] contained in the policy and was therefore within its Coverage A, Bodily Injury Liability.[2]

[1] "Definition of Operations. Division 1. Automobile dealer or repair shop: "The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings or the premises and the mechanical equipment thereof, and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

[2] Coverage A, Bodily Injury Liability:
To pay on behalf of the assured all sums which the assured shall become obli-

The defense in general was, that the injury was received while the car was being driven neither by the assured nor on his business and therefore was not within the policy coverage. In particular, it was that this policy, unlike the ordinary standard automobile liability policy, assures only a named assured, "with respect to the operation for business or pleasure of any automobile owned by or in charge of the named assured", and not an additional assured. It covers liability for accidents only where the car is driven by or on the business or pleasure of the owner, and not as provided in the enlarged definition of assured contained in the standard policy, when the car is driven by others with the owner's permission.[3]

The facts are without dispute; Bert Wells was a dealer, that is, engaged in the business of selling both new and used cars. On May 8, 1938, the day of the accident, Duclaux, the driver of the car, was in his employ as a used car salesman. As such, it was his business to show, drive and sell used cars. Under the custom and practice of the business, the salesmen, including Duclaux had the unrestricted right to use the cars at any time or place on the business of the company and because of the nature of the business of selling cars, they were not required to check the cars in or out, but could use them both to and from their homes and on other errands of their own, could keep the cars at their homes at night, and at their own expense and risk, could use them on pleasure trips.

At the time of the accident in question, Duclaux, purely on pleasure bent, was driving out to Pontchartrain Beach with Miss Barrett, the injured person for whom the suit was brought, using the car under an arrangement he had with his employer that he could use it on a frolic of his own if so minded, but when he did, he was to pay for the gas and all running expenses. It is not claimed that he was taking the young lady out to sell her a car. On the contrary, they both testified that the trip had no business end in view, but was one purely for their pleasure. Upon this testimony plaintiff contended that since Duclaux was rightfully in possession of the car and was authorized to sell it at any time he could find a customer, he must be considered as at all times on his employer's business, and that though upon the undisputed facts, the car was being driven purely for pleasure, it must be held that it was being driven on the business of the employer and within the coverage of his policy. The district judge took a different view. He thought that since the undisputed evidence showed that the car was not being driven on the business or for the pleasure of the named assured, its owner, there was no liability upon the owner and therefore none under the policy. On defendant's motion, he instructed a verdict for it.

Plaintiff is here insisting, (a) that in view of the general nature of Duclaux's employment, and of the general entrustment to him of the car, it must be considered that he was driving the car on the business of his employer and was covered by the policy, and (b) that if it be considered that he was on a pleasure jaunt of his own, the accident was within the policy coverage, for it expressly covers driving for pleasure.

We do not think so. In principle, the first point he makes is determined against plaintiff in Matheny v. United States Fidelity Co., 181 So. 647. There, a Louisiana court of appeal held in accordance with the law as it is generally declared, that an automobile salesman in making a trip in pursuit of personal pleasure without interest to the employer and from which no benefit could accrue to the employer, is not on the business of his employer or within the coverage of a policy issued on his employer's car.

gated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, caused by accident and arising out of such of the operations hereinafter defined.

[3] "Definition of 'Assured'. The unqualified word 'Assured' wherever used in Coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named Assured but also any person while using the automobile and any person or. organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further that the actual use is with the permission of the named Assured." Cf. Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281; Standard Accident Ins. Co. v. Rivet, 5 Cir., 89 F.2d 74, 75.

The authorities on which appellant relies are those in which there was a mere incidental turning aside from the employer's business to the employee's pleasure or there was evidence from which it could be inferred that though the salesman was on a pleasure trip he was combining his own pleasure with the business of his employer. None of them were cases where as here, the undisputed proof established not a mere incidental turning aside or a combination of employee's pleasure with employee's business, but, as in Matheny's case, a journey in which the employee was entirely on pleasure bent with no thought or purpose while so engaged, of engaging in or conducting the business of his employer.

The insuring agreement [4] expressly limits the coverage to payment "on behalf of the assured of all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages."

The provision in the policy for "pleasure use" appearing in the Definition of Assured and in the Definition of Operations, is placed there to protect the named assured from liability imposed upon him by law when he or his partner injures someone while using the car for pleasure, or where, though used for pleasure, the car is also being used in connection with the business of the owner. Instances of this are, use for pleasure by employees or customers in connection with the business of the employer such as demonstrating or trying out a car in connection with a possible purchase. Cf. Slattery v. Merchants Mut. Casualty Co., 125 Conn. 507, 7 A.2d 383 and Lavine v. Indemnity Insurance Co., 260 N.Y. 399, 183 N.E. 897.

Here the testimony is clear and uncontradicted, that the use of the car was not for the pleasure of the owner, nor for the combined "pleasure" of the employee and "business" of the owner, but purely for the pleasure of the employee and his lady guest.

To hold the car covered under the circumstances, is to extend the protection of the policy beyond its definitely expressed purpose, the liability imposed upon the owner by law for damages. The judgment was right. It is affirmed.

Affirmed.

---

[4] Coverage A, Bodily Injury Liability, Note 2, supra.