UNITED STATES of America, Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant.

Civ. A. No. 82–112–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 5, 1982.

James A. Metcalf, Asst. U.S. Atty., Norfolk, Va., for plaintiff.

Terry H. Davis, Jr., Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for defendant.

**MEMORANDUM ORDER**

MacKENZIE, Chief Judge.

The above-styled case is presently before the Court for decision on the merits. The facts are undisputed.

In 1978, Haywood acquired title to residential property in Chesapeake, Virginia. He assumed the obligations of a promissory note and deed of trust executed by the previous owners to the original lender, Virginia Investment and Mortgage Corporation (VIMC). The original mortgage loan had been guaranteed by the Administrator of Veterans Affairs, (Administrator) and the promissory note was subsequently endorsed by VIMC to Federal National Mortgage Association (FNMA). VIMC was retained by FNMA as its servicing agent for the mortgage loan.

Haywood defaulted on the loan and VIMC, as trustee for FNMA, advertised the property for sale. At the public sale on January 31, 1980, FNMA was the successful bidder, with a bid price of $30,000.00. The total loan debt at the time of sale was $37,516.29. On February 9, 1980, only nine days after the sale, a fire damaged the property in the amount of $19,393.74. The Administrator subsequently acquired title to the property for $40,520.45 in a conveyance from FNMA. Thus, the Administrator, as agent of the plaintiff United States of America, became subrogated to the rights of FNMA.

In 1978 a policy for homeowner's insurance issued by defendant, United Services Automobile Association (USAA), named Freddie Haywood as the insured and included the interest of VIMC as the mortgagee. The policy expiration date was December 12, 1981. By the terms of the mortgage clause of the policy, Form HO–3, page 3, a fire loss would be payable to the mortgagee as its interest appeared.

On February 11, 1980, two days after the fire, USAA was notified of the loss by VIMC. In a letter dated February 18, 1980, USAA notified VIMC, as agent for FNMA, that the policy issued to Freddie Haywood would be cancelled on March 4, 1980.

Plaintiff, United States of America, now brings suit to recover for the fire loss under the insurance policy. The policy contained the following clause, generally referred to as the "standard mortgage clause:"

Loss, if any, under this policy shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, *nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property,* nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; . . .

This company reserves the right to cancel this policy at any time as provided by its terms but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease. . . [emphasis added]

At issue in this case is whether such a clause provides coverage to a mortgagee for a fire loss which occurred nine days after sale under this deed of trust. The defendant maintains that the rights of the mortgagee to insurance proceeds were extinguished at the foreclosure sale and that "[w]ithout a mortgage subjecting the property to the lien of a creditor, the loss payable clause in the insurance policy would have no effect." (Defendant's Brief, page 3). However, the defendant's claim does not necessarily follow from a reading of the mortgage clause.

■ The "standard mortgage clause," such as is presented in the case at bar, has been subjected to several different interpretations. *See* 5A J. Appleman, *Insurance Law and Practice,* § 3403 at 299–304 n.n. 60–73 (1970 & 1981 Supp.) In this case, the mortgage clause specifically states that the mortgagee's interest in the insurance is not invalidated by foreclosure. It follows that this provision refers to a foreclosure in which the mortgagee purchases the property since if a third party purchased the property at the foreclosure sale, title would pass free of the mortgagee's security interest and terminate his insurable interest as well. *495 Corp. v. New Jersey Insurance Underwriting Association,* 86 N.J. 159, 430 A.2d 203 at 206 (1981) (hereinafter cited as *495 Corp.*) The extension of coverage to the plaintiff is further dictated by the general rule prevailing in Virginia and in this Court that unambiguous insurance contracts are given effect according to their plain meaning, but if ambiguity exists, they should be liberally construed in favor of the insured. *Hardware Mutual Casualty Co. v. Wendlinger,* 146 F.2d 984 (4th Cir.1944), *cert. denied,* 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432. As was stated by the Court in *495 Corp.:*

It is possible that, when the standard clause was first adopted early in this century, the industry intended that a mortgagee's coverage would cease after it became the owner of the insured property. But if the defendant in this case intended such a cessation of coverage, it was not entitled to rely on the standard clause. *495 Corp., supra,* at 206–207.

The defendant maintains as an alternative that the foreclosure sale reduced the amount of indebtedness on the mortgage loan to the difference between the selling price of the property ($30,000), and the loan debt at the time of the sale ($37,516.29). Thus, the defendant reasons, plaintiff's claim could only be for $7,516.29, rather than for the total fire loss. The Court does not agree.

■ Where, as here, loss occurs *after* the mortgagee has acquired title, the amount of recovery should not be limited to the mortgage debt. The plaintiff's interest in the property was not limited to the mortgage debt after he acquired title.

The mortgagee accepts the property in undamaged condition in satisfaction of the mortgage debt; if the property happens to have greater value than the mortgage debt, the mortgagee should be able to retain the benefit gained through the acquisition by receiving insurance proceeds to restore the property to its original condition. *495 Corp., supra* at 207.

To limit recovery to the mortgage debt would be to bestow a windfall on the insurer. Premiums were paid to protect against the full amount of the loss. However, there is no one to whom USAA can pay any amount of loss in excess of the loan debt since the previous owner no longer has an insurable interest in the property. *495 Corp., supra,* at 207.

In conclusion, the Court finds that the plaintiff was covered under the terms of the insurance policy issued by the defendant, USAA, and is entitled to recover for the full amount of the fire loss to the property as stipulated by the parties.

Judgment is GRANTED for the plaintiff, the United States of America. It is so ORDERED.